UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

HEATHER WINTERS, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

THEDACARE, INC.,

        Defendant.

Case No. 22-CV-978

**JOINT MOTION FOR COURT APPROVAL OF INDIVIDUAL SETTLEMENT
AND STIPULATION FOR DISMISSAL WITH PREJUDICE**

The parties, by their undersigned counsel, hereby respectfully request that the Court: (A) approve their Confidential Settlement and Release Agreement ("Settlement Agreement"); and (B) upon approval of the Settlement Agreement, dismiss the above-captioned lawsuit ("Lawsuit") with prejudice and without further costs to either party pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). In support of this joint motion, the parties state as follows:

1. On August 26, 2022, Plaintiff Heather Winters ("Winters") filed the Lawsuit against Defendant ThedaCare, Inc. ("ThedaCare") under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws in the United States District Court for the Eastern District of Wisconsin, Green Bay Division, captioned as Case No. 22-CV-978.

2. Winters and ThedaCare have now reached a settlement of Winters' claims in the Lawsuit. As no collective or class was ever certified, and no other plaintiffs opted-into the Lawsuit, the settlement only addresses Winters' claims against ThedaCare.

3. Pursuant to the parties' settlement, in exchange for a monetary payment outlined in the Settlement Agreement, Winters is required to dismiss the Lawsuit with prejudice and without

costs to any party. A copy of the parties' Settlement Agreement is being filed as **Exhibit A** to this Motion and is subject to the parties' Joint Motion for Leave to File under Seal Exhibit A to the Parties' Joint Motion for Court Approval of Individual Settlement.

4. Some authority requires that for the private settlement of a plaintiff's FLSA claims to be enforceable, the Settlement Agreement must be approved by the Department of Labor or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) ("[s]tipulated settlements in a FLSA case must be approved by the Court....").

5. When reviewing the fairness of a settlement under the FLSA, the Court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" is normally approved. *Id.* (internal quotation and citation omitted).

6. Because the parties believe they have reached a fair and reasonable resolution of disputed factual and legal issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the Lawsuit with prejudice and without costs to any party.

7. In the Lawsuit, Winters alleges that ThedaCare failed to pay her (including applicable overtime) for time spent booting up computers and applications prior to the start of her shift, and time spent booting down computers and applications after the end of her shift: (1)

because she was required to perform such activities before clocking in or after clocking out; and/or (2) due to ThedaCare's practice of rounding timeclock entries to the nearest quarter hour.

8. ThedaCare vehemently denies the allegations in the Lawsuit and denies any liability under the FLSA or Wisconsin wage and hour laws. ThedaCare denies Winters or other customer service representatives were required to perform the alleged boot up and boot down activities outside of their shift or before clocking in/after clocking out, denies that the alleged boot up and boot down activities were compensable, and disputes the amount of time Winters alleges it takes to perform such boot up and boot down activities. ThedaCare maintains that its timeclock rounding practice averages out such that employees are fully compensated for all time allegedly worked, and therefore fully complies with the FLSA and 29 C.F.R. § 785.48. ThedaCare further denies that it failed to accommodate Winters or terminated her based on disability.

9. There are numerous material factual and legal disputes between the parties, including: (A) whether Winters is disabled; (B) whether Winters' alleged disability necessitated her absence from work during the time period in question; (C) whether Winters provided ThedaCare medical documentation supporting her medical need to be absent from work; (D) whether ThedaCare discharged its duty to accommodate Winters' disability; (E) whether Winters was required to perform the boot up and boot down process alleged in the Complaint; (F) whether time spent booting up and booting down a computer and/or applications is compensable; (G) whether Winters was required to, or in practice did, perform the boot up process before clocking into ThedaCare's timekeeping system and/or perform the boot down process after clocking out of ThedaCare's timekeeping system; (H) how long it takes to boot up and boot down a computer and applications; (I) whether ThedaCare knew, or should have known, Winters was performing compensable work before and/or after her shift; (J) whether ThedaCare's rounding practice

averaged-out over time and fully compensated for all work allegedly performed; (K) whether ThedaCare's actions were in good faith in conformity with and in reliance on an administrative regulation of the Department of Labor; (L) whether the time spent booting up and/or booting down was *de minimis*; and (M) whether and to what extent compensation owed to Winters, if any, was subject to offset for premiums or other compensation paid by ThedaCare.

10. The parties have been engaged in negotiations to settle Winters' claims since January 2023. Such negotiations included multiple exchanges setting forth the parties' respective factual positions, legal arguments, and settlement offers. In addition, ThedaCare produced extensive documentation and information to Winters, including, without limitation, Winters' timekeeping and payroll records; Winters' application access records; calculations on Winters' timekeeping records reflecting the average amount of time between her punch-in/punch-out and rounded times; and information regarding ThedaCare's timekeeping, pay, employment, and operational policies and procedures. At all times, the parties were represented by counsel and the negotiations were arms-length.

11. As a result of their negotiations, the parties reached a settlement of Winters' individual claims in the Lawsuit which they believe represents a fair resolution in light of counsels' analysis of the evidence and the merits of the parties' claims and defenses.

12. The parties stipulate that the Lawsuit be dismissed with prejudice and without costs to any party.

WHEREFORE, for all the foregoing reasons, the parties jointly request that the Court enter an Order approving the Settlement Agreement and dismissing this Lawsuit with prejudice and without costs to any party pursuant to Fed. R. Civ. P. 41.

Dated this 10th day of May, 2023.

                                              WALCHESKE & LUZI, LLC

                                              By: *s/ Scott S. Luzi*
                                                    Scott S. Luzi
                                                    State Bar No. 1067405

                                              Attorneys for Plaintiff

<u>P.O. ADDRESS</u>:
235 North Executive Drive, Suite 240
Brookfield, WI 53005
Phone: 262-780-195
Fax: 262-565-6469
sluzi@walcheskeluzi.com

Dated this 10th day of May, 2023.

                                              GODFREY & KAHN, S.C.

                                              By: *s/ Annie L. Eiden*
                                                  Annie L. Eiden
                                                  State Bar No. 1070855

                                              Attorneys for Defendant

<u>P.O. ADDRESS</u>:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
aeiden@gklaw.com